## BON LEACH v. STATE.

No. A-9421. Jan. 27, 1939.

(86 P. 2d 1013.)

Brown Moore and Guy Horton, both of Stillwater, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for the State.

DAVENPORT, J. The defendant, Bon Leach, was by information jointly charged with Bill Mahoney; was tried separately, convicted of the crime of furnishing liquor to a minor, and sentenced to pay a fine of $50 and be imprisoned in the state penitentiary for a term of one year, and appeals.

The charge against the defendant, Bon Leach, is that the said Bon Leach and Bill Mahoney, then and there being, did then and there willfully, wrongfully and feloniously, sell, barter, give and otherwise furnish intoxicating liquor to Katherine Bateson, a minor, of the age of 15 years. Before the case was called for trial the defendant filed a general demurrer to the information, stating that the information wholly failed to state a cause of action against either of the defendants; which demurrer was overruled and exceptions saved.

The first assignment of the defendant is that the court erred in overruling the motion of the plaintiff in error for a new trial. This motion for a new trial embraces all the questions raised by the other assignments, and they will be considered together.

The defendant urges that the information is too vague, indefinite and uncertain to charge the defendant with any crime. The information says the defendant did willfully, wrongfully and feloniously, sell, barter, give and otherwise furnish intoxicating liquor, to wit: two pints of whisky to Katherine Bateson, a minor. In this information the defendant is charged with three offenses, that is, "sell, barter, and give," and the other part of the charge, "and otherwise furnish," is not found in the statute prohibiting the selling, bartering, or giving intoxicating liquor to a minor.

That portion of section 2622, O. S. 1931, 37 Okla. St. Ann. § 5, material to the question raised in this case, is as follows:

"It shall be unlawful for any person to barter, sell or give to any minor, person of unsound mind, or habitual drunkard, any spirituous, vinous, fermented or malt liquors, or any imitation thereof, or substitute therefor."

The only time the words, "otherwise furnish" any liquors, appear in our state laws is in what is known as the Beer Act, which makes a violation of the act a misdemeanor and not a felony. Session Laws of 1933, chapter 153, p. 338, § 2, 37 Okla. St. Ann. § 1.

The record before this court shows the defendant was tried and the jury returned a verdict of guilty of the crime of furnishing liquor to a minor, and fixing his punishment at imprisonment in the state penitentiary for a term of one year and a fine of $50. It is insisted by the defendant that the court erred in receiving this verdict and permitting it to be filed, as there is no statute making it a crime to furnish intoxicating liquor to a minor.

The enforcement of the prohibition law is to be commended, yet a conviction in order to be sustained must be based on an indictment or information charging the defendant with a crime known to Oklahoma laws.

The information in this case charges the defendant with three separate offenses, and then alleges he otherwise furnished the same. The information is bad for duplicity and charges more than one crime in one count. The court erred in overruling the defendant's demurrer to the information, and his motion for a directed verdict. For the reasons herein stated, the judgment of the trial court is reversed, and the case remanded, with directions to proceed further in accordance with this opinion.

DOYLE, P. J., and BAREFOOT, J., concur.